(119 App. Div. 266)

## VOLHARD v. VOLHARD.

(Supreme Court, Appellate Division, First Department. May 24, 1907.)

1. EXECUTORS—MONEY RECEIVED BY DECEDENT—ACTION—EVIDENCE—SUFFI-CIENCY.

Evidence, in an action to recover property received by decedent under a will providing that upon his death it should go to other heirs of testatrix, *held* insufficient to show that he received certain sums of money.

2. SAME—INDIVIDUAL JUDGMENT AGAINST EXECUTRIX.

Where decedent received property under a will providing that at his death it should go to other heirs of testatrix, in an action against his executrix to recover the property, she could only be compelled to account as executrix; plaintiff being not entitled to a personal judgment against her, though she appeared individually and the court acquired jurisdiction over her.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 22, Executors and Administrators, § 1891.]

3. SAME—NECESSITY FOR APPOINTMENT OF REPRESENTATIVE.

Where testator received property under a will which provided that upon his death it should go to other heirs of testatrix, and he never accounted as executor of her estate, before his executrix can be required to account for the property received by him, a representative of testatrix's estate should be appointed.

4. SAME—JURISDICTION—EXECUTRIX'S ACCOUNTING.

The Supreme Court will refuse to exercise jurisdiction to compel an executor to account, unless the circumstances require the interposition of a court of equity, rather than the usual proceedings before the surrogate; and hence, where decedent never accounted as executor, his executrix should be required to account in the Surrogate's Court, and not in the Supreme Court.

5. EVIDENCE—CONVEYANCES—METHOD OF PROOF.

To prove conveyances, the instruments themselves, or the records, or certified copies thereof, should be produced, and counsel cannot, by verbally stating to the court the contents of the instruments, have such statement taken as evidence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, §§ 548–555.]

Appeal from Special Term, New York County.

Action by Frederick Volhard against Eliza Volhard, individually and as Caspar Volhard's executrix. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

See 101 N. Y. Supp. 453.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and LAMBERT, JJ.

Carl A. Hansmann, for appellant.

M. Hallheimer, for respondent.

INGRAHAM, J. The action is brought to recover the property of Adelheid Volhard, received by her husband, the defendant's testator, under her last will and testament, by which she gave and bequeathed to her husband all her real and personal property so long as he should live, with a provision that after the death of her said husband the property should be equally divided between her two children, Frederick and William. This will was executed on the 1st of July, 1880. The testatrix died on the 26th of July, 1890. One of her children, William, died before her, and she left her surviving her husband, the defendant's testator, and her son, Frederick, the plaintiff. That will was admitted to probate by the surrogate of Kings county on December 3, 1890, and letters testamentary issued thereon to the defendant's testator. Subsequently the defendant's testator married the defendant, and died in Germany on the 6th of June, 1900, leaving a last will and testament in which he gave, devised, and bequeathed to his wife, the defendant, all his property for life, with a remainder to his children "now born or hereafter to be born to me by my said wife." This will was duly admitted to probate on the 20th of December, 1900, and letters testamentary issued to the defendant.

The court found that the defendant's testator, as executor of the last will and testament of his first wife, Adelheid Volhard, received various amounts, aggregating $17,217. We think these findings are without evidence to sustain them. Of this amount the sum of $8,-975 is found to be the proceeds of real estate. The only evidence to sustain that finding is the fact that at various times between July 26, 1886, and April 18, 1889, Adelheid Volhard and Mary Keiser conveyed to various people real property for specified considerations, one-half of which aggregated the amount that it is found the defendant's testator received as executor of Adelheid Volhard. Adelheid Volhard died on July 26, 1890. She made no conveyance of property within a year of her death, and there is no evidence that any portion of the various considerations for any of these conveyances remained in her hands at the time of her death or was ever received by defendant's testator. The fact of these conveyances, unexplained, is not sufficient to base a finding that the grantors received the consideration, that it remained in the grantor's hands for a period ranging from four years to one year, and that it was received by the executor. It will be noticed that these conveyances are all by Adelheid Volhard and Mary Keiser. There was evidence that they were in the real estate business together. There is no presumption that Adelheid Volhard was not indebted for a portion of this money, or that the proceeds of these sales were not used to pay her debts.

There was also introduced in evidence three mortgages. One, for $2,000, to Adelheid Volhard and Mary Keiser, was evidently given as part consideration of a piece of property sold by Adelheid Volhard and Mary Keiser to the mortgagor on the day of its date, namely, March 3, 1888, and which seems to have been satisfied on March 25, 1890, some months before the testatrix died. As to the other two mortgages mentioned in this finding, one for $1,000 and the other for $1,400, there was no evidence that they were ever paid, or that the defendant's testator ever received the mortgages. So far as the

mortgage for $2,000 is concerned, the defendant's testator would seem to have been charged with it twice—once as the proceeds of the real property, and again as a satisfaction of the mortgage, which was evidently given to secure part of the consideration for the conveyance. There was evidence to sustain the finding of fact as to the Schiefer mortgage for $4,500; but there is no other evidence that the defendant's testator received any other mortgage or the proceeds of any real property belonging to his testatrix.

There is also the sum of $2,042.98, withdrawn from the German Savings Bank, for which the defendant is charged. The evidence in respect to that account is that on December 2, 1889, over six months prior to her death, Adelheid Volhard had on deposit in the German Savings Bank the sum of $2,042.98 which on that day was withdrawn and the account closed. There was no evidence to show who drew the money—no evidence to show what the deceased did with it, or to show that it remained in her possession down to the time of her death. I cannot find the slightest evidence that any part of this money was traced into the hands of the defendant's testator. With the exception of the Schiefer mortgage, there is no evidence, as I read the record, to sustain the finding of the trial court that the defendant's testator received or ever had in his possession, either as executor, trustee, or otherwise, any of the property of Adelheid Volhard.

But under no circumstances was the plaintiff entitled to a personal judgment against the defendant. Assuming that the defendant has appeared in the action and the court obtained jurisdiction over her, she could only be compelled to account, as executrix of Casper Volhard, for property of her testator's first wife which had come into his possession. If a judgment was obtained against the defendant as executrix, that judgment could be enforced in the Surrogate's Court by compelling her to account for all the property of her testator which had come into her hands. But there was certainly no justification for awarding against her a personal judgment in this action.

But I do not see how this question, as between the estate of Adelheid Volhard and the estate of Casper Volhard, can be determined without the presence of a representative of the estate of Adelheid Volhard. Caspar Volhard never accounted as executor of her estate, and he was responsible only to her estate. Before there could be a settlement of his accounts as executor, a representative of the estate should be appointed, and it is to such a representative of the estate that the executor of the estate of Casper Volhard is required to account; and that accounting should be in the Surrogate's Court having jurisdiction, and not in the Supreme Court. While the Supreme Court has jurisdiction to compel an executor to account, it has consistently refused to exercise such jurisdiction, unless under circumstances which require the interposition of a court of equity, rather than the usual proceedings before the surrogate. There is nothing in this case that requires the Supreme Court to take jurisdiction, and I think this whole question between these two estates should be settled in the Surrogate's Court having jurisdiction, and not in the Supreme Court.

The plaintiff attempted to prove these various conveyances by Adelheid Volhard by offering various mortgages and conveyances, simply

reciting the date of the instrument and the date and place of record. Counsel for the defendant objected to this method of proving these records, and insisted either upon the original records or certified copies of the instruments. This objection was overruled; the court saying that the offer would be received, and, "if you think there is anything appearing of record in the register's office with respect to these instruments, you will have ample time and opportunity to do so." Counsel for the defendant still insisted upon his objection, stating that he was entitled to have certified copies or the records themselves, to which the court replied:

"In other words, all this is taken subject to correction, if you find there is any inaccuracy."

To this ruling the defendant excepted. It is quite evident that these exceptions were well taken. No records were produced, and no certified copies of the instruments or the instruments themselves were produced. The only way of proving instruments of this kind is by either the original instrument, the original record, or a certified copy. The court is not justified in receiving a statement of counsel as to the contents of the instruments recorded, thus throwing the burden upon the defendant of traveling to the various recording offices to examine the records, and subsequently question the accuracy of the counsel's statements. It was necessary to produce the instruments themselves, or the records or copies of them, in court; and counsel could not, by verbally stating to the court the contents of the instruments, have such a verbal statement of the instruments taken as evidence.

The judgment should therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.